**E. H. McDOWELL, d/b/a McDOWELL & ASSOCIATES, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 354-1979

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 18, 1980

SAMUEL HALL, ESQ., St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, By: JESSE BETHEL, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is presently before the Court on defendant's motion to vacate this Court's Order of November 29, 1979, compelling arbitration. Fed. R. Civ. P. 60(b)(1), (3), (6). Defendant also moves

346

this Court to reconsider its prior motion to dismiss for lack of subject matter jurisdiction caused by plaintiff's failure to exhaust administrative remedies. Fed. R. Civ. P. 12(b)(1). Both motions will be denied.

Plaintiff McDowell entered into a contract with the Virgin Islands Government (hereinafter Government) to provide architectural services for a new junior high school in St. Thomas, Virgin Islands. A dispute arose between the parties as to the time and amount of payment. Since 1977 McDowell has contacted various government administrators informing them of delinquent payments and requesting relief. Plaintiff met with little success. On July 23, 1979, McDowell demanded arbitration. The Government sought a delay until August 15th so that negotiations between the parties could continue. Plaintiff again demanded arbitration on September 27, 1979. On November 21, 1979, plaintiff brought suit to compel arbitration. This Court entered an Order on November 29, 1979, mandating that arbitration take place.

The Government asserts that we lack subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies. Article 11.1 of the contract agreement provides in part:

## DISPUTES

11.1 Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement, shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Architect within 10 days. Within 30 days from the date of receipt of such copy, either party may appeal the decision of the Contracting Officer to an Arbitration Panel.

The Government contends that arbitration is premature since the contracting officer has not "reduced his decision to writing" and will not do so until Mr. McDowell once again sits down with him for a meeting.[1]

Plaintiff asserts that a meeting between contracting officer Sprauve and himself would be futile. The two men have had steady contact trying to resolve the dispute. Plaintiff contends that Commissioner Sprauve is opposing arbitration as a delaying tactic.

Although exhaustion of administrative remedies is a prerequisite to judicial relief, the doctrine is riddled with exceptions.

---

[1] See plaintiff's Memorandum of Law, Dec. 18, 1979, exhibit K.

McKart v. United States, 395 U.S. 185, 193 (1969); see K. D. DAVIS, ADMINISTRATIVE LAW TEXT (3d ed. 1972). Generally exhaustion is not required in civil rights disputes, Samuel v. Virgin Islands Telephone Corp., 12 V.I. 65 (1975); disputes where irreparable injury would be caused by delay, or disputes where the agency action would be inadequate or futile. See generally K. D. DAVIS, supra at 388–89.

In the case sub judice plaintiff has been seeking informal administrative relief since 1977. He has, time and again, proffered his complaints to Commissioner Sprauve. In the analogous case of Oliver-Finnie Co. v. United States, 279 F.2d 498, 503 (Ct. Cl. 1960), Judge Laramore stated:

> The plaintiff was fully justified in commencing this action when it did, and defendant cannot be heard to complain that the plaintiff should have suspended proceedings in this court and completed the administrative steps, when defendant's own action or lack thereof prompted plaintiff to bypass the normal administrative sequence and commence this suit.

We find that reasoning persuasive.

■ Because of the Government's long delay in resolving the dispute, this Court will not require plaintiff to exhaust his administrative remedies. We will again direct that arbitration take place.

## ORDER

The premises considered and the Court being advised,

IT IS ORDERED that defendant's motion to set aside the order compelling arbitration in this cause be, and the same is hereby DENIED:

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of jurisdiction be, and the same is hereby DENIED:

IT IS FURTHER ORDERED that the defendant shall engage in arbitration with the plaintiff within twenty days from the date of this Order; and

IT IS FURTHER ORDERED that the proceedings in this action be stayed pending arbitration in accordance with the terms of the contract between the parties.